IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. MORENA, aka<br>JOSE L. MORALES MIRANDA,<br>　　　　　Petitioner,<br><br>　vs.<br><br>OFFICE OF THE WARDEN,<br>CALIPATRIA STATE PRISON,<br><br>　　　　　Respondent.<br>_____/ | CASE NO. CV-F-04-6502 AWI SMS HC<br><br>ORDER DIRECTING CLERK OF COURT<br>TO RETURN PETITION, LODGED<br>OCTOBER 18, 2005, TO PETITIONER |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on October 15, 2004. Petitioner filed an amended petition on April 12, 2005. Respondent filed an answer to the petition on July 22, 2005 and Petitioner did not file a traverse.[1]

　　　　A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir.

---

[1] Pursuant to the Court's order of April 26, 2005, Petitioner was advised that a traverse to Respondent's answer was due thirty days from the date Respondent files its answer. (Court Doc. 13, at 2.)

1

1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal. Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Petitioner did not seek and was not granted permission to file an amended petition. The Court cannot ascertain the purpose for the amendment as Petitioner merely submitted an amended petition, without a formal motion requesting leave to amend and/or supplement. Further, Petitioner does not indicate, and it is unclear, whether he seeks to file the instant petition as an amended petition or as a supplement to the original petition. Accordingly, the Court cannot grant Petitioner's request to amend or supplement the petition and the petition will be returned to Petitioner.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to return the amended petition for writ of habeas corpus, lodged on October 18, 2005, to Petitioner.

IT IS SO ORDERED.

**Dated:   October 27, 2005**              /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE