# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. MORENA aka<br>JOSE L. MORALES MIRANDA,<br><br>           Petitioner,<br><br>   v.<br><br>S. J. RYAN, WARDEN,<br><br>           Respondent. | 1:04-CV-06502 AWI SMS HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>[Doc. #27]<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br>[Doc. #1]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On February 1, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED as to all claims except Petitioner's claim that his sentence is unconstitutional. As to Petitioner's claim that his sentencing his unconstitutional, the Magistrate Judge recommended the claim be DISMISSED for failure to exhaust state remedies. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On February 20, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

The court finds that there is no need to modify the Findings and Recommendations based on the points raised in the objections.  In the objections, Petitioner contends that there was insufficient evidence to support the guilty verdicts and the prosecutor's misconduct so infected the trial with unfairness as to make Petitioner's conviction a denial of Due Process.   These claims were not raised in Petitioner's federal habeas corpus petition, and as such, were not addressed in the Findings and Recommendations.   A new theory cannot properly be raised in objections to Findings and Recommendations.  Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).  Factual assertions that which could have been but were not presented to the Magistrate Judge should be given no consideration when the court is deciding whether to adopt Findings and Recommendations Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow, 863 F.2d at 638.  Because neither the petition nor Findings and Recommendations contained claims based on insufficiency of the evidence or prosecutorial misconduct, the new arguments made in the objections cannot provide the basis of federal habeas corpus relief.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued February 1, 2007, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED as to all counts except Petitioner's claim that his sentence is unconstitutional;

---

[1] In addition, it does not appear that these claims for relief were exhausted in the state courts. See 28 U.S.C. § 2254(b).

     3.     Petitioner's claim that his sentence is unconstitutional is DISMISSED without prejudice;[2] and

     4.     The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:    April 11, 2007                /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE

---

[2] The Findings and Recommendations informed Petitioner of the option of holding this claim in abeyance. Petitioner has not asked the court to hold this claim in abeyance. As such, it will be dismissed without prejudice.