**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE L. MORENO**<br>aka **JOSE L. MORALES MIRANDA,**<br><br>　　　　　　**Petitioner,**<br>　　v.<br><br>**S. J. RYAN, WARDEN,,**<br><br>　　　　　　**Respondent.**<br>_____ | 1:04-CV-6502 AWI SMS HC<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Document #33) |

　　　　Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 13, 2007, the court adopted the Magistrate Judge's Findings and Recommendations and denied the petition for writ of habeas corpus.  The Clerk of the Court entered judgment the same day.   On July 27, 2007, Petitioner filed a notice of appeal and a motion for a certificate of appealability    The motion and appeal were signed on July 18, 2007, and the court presumes they were given to prison authorities for mailing the same day.

　　　　A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

    The time limit for filing a notice of appeal following entry of an order denying a petition for writ of habeas corpus is thirty days. See Fed. R.App. P. 4(a).   Petitioner's notice of appeal and motion for a certificate of appealability were filed more than thirty days after entry of judgment.   The failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction. Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007).   In addition, the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if a notice of appeal was not timely filed.   Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978).   Reading Bowles and Hayward together, the court finds that the issuance of a certificate of appealability at this time would not give the Ninth Circuit jurisdiction over Petitioner's untimely appeal, and as such, the court will deny the certificate of appealability.   See Woods v. Ayers, 2007 WL 1805555  (E.D.Cal 2007); Ransom v. Scribner, 2007 WL 841786 (E.D.Cal 2007).

    Accordingly, Petitioner's motion for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:   July 30, 2007**           /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE