1

2

3

4

5

6

7           UNITED STATES DISTRICT COURT

8             EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| JOSE L. MORENO, | ) 1:04-cv—06502-AWI-SMS-HC |
| | ) |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR RELIEF FROM JUDGMENT PURSUANT |
| | ) TO FRCP 60 (DOC. 42) |
| v. | ) |
| | ) ORDER DECLINING TO ISSUE A |
| OFFICE OF WARDEN, CALIPATRIA | ) CERTIFICATE OF APPEALABILITY |
| STATE PRISON, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |

Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion made pursuant to Fed. R. Civ. P. 60 for relief from the judgment previously entered in this case. Petitioner's motion was filed on October 9, 2012, and was electronically served on counsel for Respondent and various representatives of the Department of Justice of the State of California. No opposition to the motion has been filed.

I. Background

Petitioner filed the petition in this action on October 15,

1

2004, and a first amended petition on April 12, 2005.  Petitioner
challenged his 2000 conviction in the Kern County Superior Court
of three counts of second degree murder, three counts of
vehicular manslaughter with gross negligence, and related counts
concerning driving under the influence with bodily injury
resulting.  (Doc. 27, 1.)  After an answer was filed, the
Magistrate Judge filed on February 1, 2007, findings and
recommendations to deny the petition as to most claims and to
dismiss Petitioner's claim that his sentence was unconstitutional
for failure to exhaust state court remedies.  (Doc. 27, 4-14.)
The findings and recommendations were mailed to Petitioner on the
day they were filed, and they informed Petitioner that objections
were due within thirty days of service.  On February 20, 2007,
objections were filed.  (Doc. 28.)  On April 13, 2007, the Court
adopted the findings and recommendations in full, and judgment
was entered.  (Docs. 29-31.)  Petitioner appealed, and both this
Court and the Court of Appeals declined to issue a certificate of
appealability.  (Docs. 33, 35, 41.)

     The findings and recommendations reflect that Petitioner was
sentenced to forty-five years in state prison after a jury trial.
(Doc. 27, 1.)  Petitioner's convictions were based on his having
driven at a high rate of speed without a valid driver's license
and with a blood alcohol level of 1.138 (sic) or higher.  (Id. at
2.)  He swerved while attempting to pass another car, hit a
center road divider, went airborne, landed on top of an oncoming
vehicle, and thereby killed three occupants of the vehicle and
substantially injured two other occupants as well as a passenger
in Petitioner's vehicle.  Petitioner had previously been arrested

2

1    at least twice for driving under the influence of alcohol.  (Id.)

2        Petitioner argued that imposition of three consecutive terms

3    was erroneous under California Penal Code § 654.  (Id. at 13.)

4    This Court concluded that Petitioner's claim was a state law

5    claim that was not cognizable in a proceeding pursuant to § 2254;

6    Petitioner did not state a colorable federal claim; and because

7    Petitioner had not presented the federal claim to the state

8    court, Petitioner had failed to exhaust his state court remedies.

9    (Id.)  Petitioner also argued that his sentence violated the

10   Eighth Amendment's prohibition against cruel and unusual

11   punishment.  The Court dismissed the claim without prejudice so

12   Petitioner could exhaust state court remedies before filing a new

13   federal petition.  (Id.)

14       In the motion for reconsideration, Petitioner states the

15   following:

16       Petitioner's motion is based on Cunningham v. California,
         (2007) 549 U.S. 270, a case that was not available to
17       the court's decision and could have resulted in a
         more favorable ruling in petitioner's favor in relation
18       to the claim before the court in the present petition
         (Case No. 1:12-cv-01415 MJS HC).
19       Wherefore relief from judgment is requested in order
         to properly resolve petitioner's cclaim (sic) on
20       the merits.

21   (Mot., doc. 42, 1.)

22       II.  Motion for Relief from Judgment

23            A.  Legal Standards

24       Federal Rule of Civil Procedure 60(b) governs the

25   reconsideration of final orders of the district court.  The rule

26   permits a district court to relieve a party from a final order or

27   judgment on various grounds, including 1) mistake, inadvertence,

28   surprise, or excusable neglect; 2) newly discovered evidence;

3

1  3) fraud or misconduct by an opposing party; 4) a void judgment;

2  5) a satisfied judgment; or 6) any other reason that justifies

3  relief from the judgment.  Fed. R. Civ. P. 60(b).  Motions to

4  reconsider are committed to the discretion of the trial court.

5  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987);

6  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To

7  succeed, a party must set forth facts or law of a strongly

8  convincing nature to induce the Court to reverse its prior

9  decision.  See, e.g., Kern-Tulare Water Dist. v. City of

10  Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part

11  and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987),

12  cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has stated

13  that "[c]lause 60(b)(6) is residual and 'must be read as being

14  exclusive of the preceding clauses.'"  LaFarge Conseils et

15  Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir.

16  1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th

17  Cir. 1981)).  Accordingly, "the clause is reserved for

18  'extraordinary circumstances.'"  Id.

19     Further, when filing a motion for reconsideration, Local

20  Rule 230(j) requires a party to show the "what new or different

21  facts or circumstances are claimed to exist which did not exist

22  or were not shown upon such prior motion, or what other grounds

23  exist for the motion," as well as "why the facts or circumstances

24  were not shown at the time of the prior motion."

25     A district court may properly deny a motion for

26  reconsideration that simply reiterates an argument already

27  presented by the petitioner.  Maraziti v. Thorpe, 52 F.3d 252,

28  255 (9th Cir. 1995).

1          B.   Analysis

2       Petitioner cites to Cunningham v. California, 549 U.S. 270

3  (2007), in which it was held that a judge's finding facts, other

4  than a prior conviction, by a preponderance of the evidence that

5  exposed a defendant to an elevated upper term sentence violated

6  the defendant's rights to a trial by jury and proof beyond a

7  reasonable doubt as guaranteed by the Sixth and Fourteenth

8  Amendments.

9       Petitioner states no facts in his motion.  Reference to the

10  first amended petition (FAP) filed by Petitioner and ruled upon

11  by this Court reflects that Petitioner there recognized the

12  sentencing court's broad discretion but argued that the trial

13  court abused its discretion by choosing to impose three

14  consecutive sentences of fifteen years to life because three

15  people died.  Petitioner contended that concurrent sentences were

16  appropriate because the same set of operative facts gave rise to

17  each count; Petitioner had no prior history of violent crimes or

18  arrest; and there were numerous mitigating circumstances,

19  including the fact that one of the victims had a stroke or heart

20  attack and had cocaine in her system.  (Doc. 12, 13-14.)   In

21  argument attached to the petition (apparently pulled from state

22  appellate proceedings), Petitioner conceded that his sentence was

23  legally authorized.  (Doc. 12-1, 18.)

24       Petitioner has stated no facts that would tend to show that

25  there was a violation of the principle of Cunningham v.

26  California.  The jury necessarily found that Petitioner had

27  caused three deaths when it convicted Petitioner of three counts

28  of second degree murder.  Thus, in determining to sentence

                                   5

Petitioner to consecutive terms, it does not appear that the sentencing court found any fact beyond what the jury necessarily found in order to convict Petitioner of the substantive offenses. There is no showing that the sentencing court found or relied on any aggravating circumstance in order to impose the sentence.

Accordingly, it does not appear that Petitioner has shown any reason that justifies relief pursuant to Fed. R. Civ. P. 60.

Alternatively, the Court notes that Petitioner's motion refers to another action pending in this Court, <u>Jose L. Moreno v. Warden at North Kern State Prison</u>, 1:12-cv-01415-AWI-MJS.  The Court takes judicial notice[1] of the docket and documents filed in that case, which reflect that Petitioner there appears to raise the same issue that he raises here.  (Pet., doc. 1.)  In that case, the Magistrate Judge has issued findings and recommendations to dismiss the petition pursuant to 28 U.S.C. § 2244(b) as a successive petition filed without permission of the Court of Appeals for the Ninth Circuit.  It would thus appear that Petitioner's application for relief from the judgment in the present action is tantamount to an attempt to file a successive petition.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

---

[1] The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

1    Under the AEDPA, a federal court must dismiss a second or
2  successive petition that raises the same grounds as a prior
3  petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a
4  second or successive petition raising a new ground unless the
5  petitioner can show that 1) the claim rests on a new,
6  retroactive, constitutional right or 2) the factual basis of the
7  claim was not previously discoverable through due diligence, and
8  the new facts establish by clear and convincing evidence that but
9  for the constitutional error, no reasonable factfinder would have
10 found the applicant guilty of the underlying offense.  28 U.S.C.
11 § 2244(b)(2)(A)-(B).

12    However, it is not the district court that decides whether a
13 second or successive petition meets these requirements, which
14 allow a petitioner to file a second or successive petition.
15 Section 2244(b)(3)(A) provides, "Before a second or successive
16 application permitted by this section is filed in the district
17 court, the applicant shall move in the appropriate court of
18 appeals for an order authorizing the district court to consider
19 the application."  In other words, a petitioner must obtain leave
20 from the Ninth Circuit before he or she can file a second or
21 successive petition in district court.  See Felker v. Turpin, 518
22 U.S. 651, 656-657 (1996).  This Court must dismiss any claim
23 presented in a second or successive habeas corpus application
24 under section 2254 that was presented in a prior application
25 unless the Court of Appeals has given Petitioner leave to file
26 the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been
27 characterized as jurisdictional.  Burton v. Stewart, 549 U.S.
28 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th

7

1   Cir. 2001).

2       Although the Court previously issued a decision on the

3   merits, Petitioner makes no showing that he has obtained prior

4   leave from the Ninth Circuit to file a successive petition

5   attacking the conviction.  Petitioner contends that his claim is

6   new and that he could not have known of it earlier.  However, it

7   is for the Ninth Circuit Court of Appeals, and not this Court, to

8   determine whether Petitioner meets the requirements that would

9   permit the filing of a second petition.  This Court has no

10  jurisdiction to consider a renewed application for relief from

11  the convictions under section 2254 and must dismiss the petition.

12  See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart,

13  549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.

14      Thus, it appears that Petitioner's motion for relief from

15  judgment is in effect an attempt to file a successive petition, a

16  matter which should be initially considered by the Court of

17  Appeals for the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3).

18      In summary, Petitioner has not shown any grounds for relief

19  pursuant to Fed. R. Civ. P. 60.  Further, Petitioner appears to

20  be attempting to file a successive petition.

21      Thus, Petitioner's motion for relief from the judgment will

22  be denied.

23      III.  Certificate of Appealablity

24      Unless a circuit justice or judge issues a certificate of

25  appealability, an appeal may not be taken to the Court of Appeals

26  from the final order in a habeas proceeding in which the

27  detention complained of arises out of process issued by a state

28  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

8

1   U.S. 322, 336 (2003).  Under 28 U.S.C. section 2253, as amended

2   by the AEDPA, a court properly considers whether or not to issue

3   a certificate of appealability with respect to the denial of a

4   motion to reconsider a dispositive order in a habeas proceeding

5   pursuant 28 U.S.C. section 2254.  Langford v. Day, 134 F.3d 1381,

6   1382 (9th Cir. 1998).

7        A certificate of appealability may issue only if the

8   applicant makes a substantial showing of the denial of a

9   constitutional right.  § 2253(c)(2).  Under this standard, a

10  petitioner must show that reasonable jurists could debate whether

11  the petition should have been resolved in a different manner or

12  that the issues presented were adequate to deserve encouragement

13  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

14  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

15  certificate should issue if the Petitioner shows that jurists of

16  reason would find it debatable whether the petition states a

17  valid claim of the denial of a constitutional right or that

18  jurists of reason would find it debatable whether the district

19  court was correct in any procedural ruling.  Slack v. McDaniel,

20  529 U.S. 473, 483-84 (2000).

21       In determining this issue, a court conducts an overview of

22  the claims in the habeas petition, generally assesses their

23  merits, and determines whether the resolution was debatable among

24  jurists of reason or wrong.  Id.  It is necessary for an

25  applicant to show more than an absence of frivolity or the

26  existence of mere good faith; however, it is not necessary for an

27  applicant to show that the appeal will succeed.  Miller-El v.

28  Cockrell, 537 U.S. at 338.

9

1   A district court must issue or deny a certificate of

2 appealability when it enters a final order adverse to the

3 applicant.   Rule 11(a) of the Rules Governing Section 2254 Cases.

4   Here, it does not appear that reasonable jurists could

5 debate whether the petition should have been resolved in a

6 different manner.   Petitioner has not made a substantial showing

7 of the denial of a constitutional right.

8   Accordingly, the Court will decline to issue a certificate

9 of appealability.

10  IV.   <u>Disposition</u>

11   In accordance with the foregoing analysis, it is ORDERED

12 that:

13   1) Petitioner's motion for relief from the judgment entered

14 in this action is DENIED; and

15   2) The Court DECLINES to issue a certificate of

16 appealability.

17

18 IT IS SO ORDERED.

19
 Dated:  November 6, 2012

20

21     UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28