UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| JOSE L. MORENO, | ) | 1:04-cv—06502-AWI-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR RELIEF FROM JUDGMENT PURSUANT |
| | ) | TO FRCP 60 (DOC. 42) |
| v. | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| OFFICE OF WARDEN, CALIPATRIA | ) | CERTIFICATE OF APPEALABILITY |
| STATE PRISON, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's motion made pursuant to Fed. R. Civ. P. 60 for relief from the judgment previously entered in this case.  Petitioner's motion was filed on October 9, 2012, and was electronically served on counsel for Respondent and various representatives of the Department of Justice of the State of California.  No opposition to the motion has been filed.

I.  Background

Petitioner filed the petition in this action on October 15,

1

2004, and a first amended petition on April 12, 2005.  Petitioner challenged his 2000 conviction in the Kern County Superior Court of three counts of second degree murder, three counts of vehicular manslaughter with gross negligence, and related counts concerning driving under the influence with bodily injury resulting.  (Doc. 27, 1.)  After an answer was filed, the Magistrate Judge filed on February 1, 2007, findings and recommendations to deny the petition as to most claims and to dismiss Petitioner's claim that his sentence was unconstitutional for failure to exhaust state court remedies.  (Doc. 27, 4-14.) The findings and recommendations were mailed to Petitioner on the day they were filed, and they informed Petitioner that objections were due within thirty days of service.  On February 20, 2007, objections were filed.  (Doc. 28.)  On April 13, 2007, the Court adopted the findings and recommendations in full, and judgment was entered.  (Docs. 29-31.)  Petitioner appealed, and both this Court and the Court of Appeals declined to issue a certificate of appealability.  (Docs. 33, 35, 41.)

The findings and recommendations reflect that Petitioner was sentenced to forty-five years in state prison after a jury trial. (Doc. 27, 1.)  Petitioner's convictions were based on his having driven at a high rate of speed without a valid driver's license and with a blood alcohol level of 1.138 (sic) or higher.  (Id. at 2.)  He swerved while attempting to pass another car, hit a center road divider, went airborne, landed on top of an oncoming vehicle, and thereby killed three occupants of the vehicle and substantially injured two other occupants as well as a passenger in Petitioner's vehicle.  Petitioner had previously been arrested

2

1    at least twice for driving under the influence of alcohol.  (<u>Id.</u>)

2         Petitioner argued that imposition of three consecutive terms

3    was erroneous under California Penal Code § 654.  (<u>Id.</u> at 13.)

4    This Court concluded that Petitioner's claim was a state law

5    claim that was not cognizable in a proceeding pursuant to § 2254;

6    Petitioner did not state a colorable federal claim; and because

7    Petitioner had not presented the federal claim to the state

8    court, Petitioner had failed to exhaust his state court remedies.

9    (<u>Id.</u>)  Petitioner also argued that his sentence violated the

10   Eighth Amendment's prohibition against cruel and unusual

11   punishment.  The Court dismissed the claim without prejudice so

12   Petitioner could exhaust state court remedies before filing a new

13   federal petition.  (<u>Id.</u>)

14        In the motion for reconsideration, Petitioner states the

15   following:

16        Petitioner's motion is based on <u>Cunningham v. California</u>,
          (2007) 549 U.S. 270, a case that was not available to
17        the court's decision and could have resulted in a
          more favorable ruling in petitioner's favor in relation
18        to the claim before the court in the present petition
          (Case No. 1:12-cv-01415 MJS HC).
19        Wherefore relief from judgment is requested in order
          to properly resolve petitioner's cclaim (sic) on
20        the merits.

21   (Mot., doc. 42, 1.)

22        II.  <u>Motion for Relief from Judgment</u>

23             A.  <u>Legal Standards</u>

24        Federal Rule of Civil Procedure 60(b) governs the

25   reconsideration of final orders of the district court.  The rule

26   permits a district court to relieve a party from a final order or

27   judgment on various grounds, including 1) mistake, inadvertence,

28   surprise, or excusable neglect; 2) newly discovered evidence;

                                    3

3) fraud or misconduct by an opposing party; 4) a void judgment;
5) a satisfied judgment; or 6) any other reason that justifies
relief from the judgment.  Fed. R. Civ. P. 60(b).  Motions to
reconsider are committed to the discretion of the trial court.
Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987);
Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To
succeed, a party must set forth facts or law of a strongly
convincing nature to induce the Court to reverse its prior
decision.  See, e.g., Kern-Tulare Water Dist. v. City of
Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part
and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987),
cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has stated
that "[c]lause 60(b)(6) is residual and 'must be read as being
exclusive of the preceding clauses.'"  LaFarge Conseils et
Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir.
1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th
Cir. 1981)).  Accordingly, "the clause is reserved for
'extraordinary circumstances.'"  Id.

     Further, when filing a motion for reconsideration, Local
Rule 230(j) requires a party to show the "what new or different
facts or circumstances are claimed to exist which did not exist
or were not shown upon such prior motion, or what other grounds
exist for the motion," as well as "why the facts or circumstances
were not shown at the time of the prior motion."

     A district court may properly deny a motion for
reconsideration that simply reiterates an argument already
presented by the petitioner.  Maraziti v. Thorpe, 52 F.3d 252,
255 (9th Cir. 1995).

4

B.  Analysis

Petitioner cites to Cunningham v. California, 549 U.S. 270 (2007), in which it was held that a judge's finding facts, other than a prior conviction, by a preponderance of the evidence that exposed a defendant to an elevated upper term sentence violated the defendant's rights to a trial by jury and proof beyond a reasonable doubt as guaranteed by the Sixth and Fourteenth Amendments.

Petitioner states no facts in his motion.  Reference to the first amended petition (FAP) filed by Petitioner and ruled upon by this Court reflects that Petitioner there recognized the sentencing court's broad discretion but argued that the trial court abused its discretion by choosing to impose three consecutive sentences of fifteen years to life because three people died.  Petitioner contended that concurrent sentences were appropriate because the same set of operative facts gave rise to each count; Petitioner had no prior history of violent crimes or arrest; and there were numerous mitigating circumstances, including the fact that one of the victims had a stroke or heart attack and had cocaine in her system.  (Doc. 12, 13-14.)  In argument attached to the petition (apparently pulled from state appellate proceedings), Petitioner conceded that his sentence was legally authorized.  (Doc. 12-1, 18.)

Petitioner has stated no facts that would tend to show that there was a violation of the principle of Cunningham v. California.  The jury necessarily found that Petitioner had caused three deaths when it convicted Petitioner of three counts of second degree murder.  Thus, in determining to sentence

5

1    Petitioner to consecutive terms, it does not appear that the

2    sentencing court found any fact beyond what the jury necessarily

3    found in order to convict Petitioner of the substantive offenses.

4    There is no showing that the sentencing court found or relied on

5    any aggravating circumstance in order to impose the sentence.

6         Accordingly, it does not appear that Petitioner has shown

7    any reason that justifies relief pursuant to Fed. R. Civ. P. 60.

8         Alternatively, the Court notes that Petitioner's motion

9    refers to another action pending in this Court, Jose L. Moreno v.

10   Warden at North Kern State Prison, 1:12-cv-01415-AWI-MJS.   The

11   Court takes judicial notice[1] of the docket and documents filed in

12   that case, which reflect that Petitioner there appears to raise

13   the same issue that he raises here.  (Pet., doc. 1.)  In that

14   case, the Magistrate Judge has issued findings and

15   recommendations to dismiss the petition pursuant to 28 U.S.C.

16   § 2244(b) as a successive petition filed without permission of

17   the Court of Appeals for the Ninth Circuit.  It would thus appear

18   that Petitioner's application for relief from the judgment in the

19   present action is tantamount to an attempt to file a successive

20   petition.

21        Because the petition was filed after April 24, 1996, the

22   effective date of the Antiterrorism and Effective Death Penalty

23   Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh

24   v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008

25   (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

26

27        [1] The Court may take judicial notice of court records.  Fed. R. Evid.
     201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993);
28   Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978),
     aff'd, 645 F.2d 699 (9th Cir. 1981).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th

7

1  Cir. 2001).

2      Although the Court previously issued a decision on the

3  merits, Petitioner makes no showing that he has obtained prior

4  leave from the Ninth Circuit to file a successive petition

5  attacking the conviction.  Petitioner contends that his claim is

6  new and that he could not have known of it earlier.  However, it

7  is for the Ninth Circuit Court of Appeals, and not this Court, to

8  determine whether Petitioner meets the requirements that would

9  permit the filing of a second petition.  This Court has no

10 jurisdiction to consider a renewed application for relief from

11 the convictions under section 2254 and must dismiss the petition.

12 See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart,

13 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.

14     Thus, it appears that Petitioner's motion for relief from

15 judgment is in effect an attempt to file a successive petition, a

16 matter which should be initially considered by the Court of

17 Appeals for the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3).

18     In summary, Petitioner has not shown any grounds for relief

19 pursuant to Fed. R. Civ. P. 60.  Further, Petitioner appears to

20 be attempting to file a successive petition.

21     Thus, Petitioner's motion for relief from the judgment will

22 be denied.

23     III.  Certificate of Appealablity

24     Unless a circuit justice or judge issues a certificate of

25 appealability, an appeal may not be taken to the Court of Appeals

26 from the final order in a habeas proceeding in which the

27 detention complained of arises out of process issued by a state

28 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

8

1  U.S. 322, 336 (2003).  Under 28 U.S.C. section 2253, as amended

2  by the AEDPA, a court properly considers whether or not to issue

3  a certificate of appealability with respect to the denial of a

4  motion to reconsider a dispositive order in a habeas proceeding

5  pursuant 28 U.S.C. section 2254.  Langford v. Day, 134 F.3d 1381,

6  1382 (9th Cir. 1998).

7      A certificate of appealability may issue only if the

8  applicant makes a substantial showing of the denial of a

9  constitutional right.  § 2253(c)(2).  Under this standard, a

10  petitioner must show that reasonable jurists could debate whether

11  the petition should have been resolved in a different manner or

12  that the issues presented were adequate to deserve encouragement

13  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

14  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

15  certificate should issue if the Petitioner shows that jurists of

16  reason would find it debatable whether the petition states a

17  valid claim of the denial of a constitutional right or that

18  jurists of reason would find it debatable whether the district

19  court was correct in any procedural ruling.  Slack v. McDaniel,

20  529 U.S. 473, 483-84 (2000).

21      In determining this issue, a court conducts an overview of

22  the claims in the habeas petition, generally assesses their

23  merits, and determines whether the resolution was debatable among

24  jurists of reason or wrong.  Id.  It is necessary for an

25  applicant to show more than an absence of frivolity or the

26  existence of mere good faith; however, it is not necessary for an

27  applicant to show that the appeal will succeed.  Miller-El v.

28  Cockrell, 537 U.S. at 338.

9

1    A district court must issue or deny a certificate of

2    appealability when it enters a final order adverse to the

3    applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

4    Here, it does not appear that reasonable jurists could

5    debate whether the petition should have been resolved in a

6    different manner.  Petitioner has not made a substantial showing

7    of the denial of a constitutional right.

8    Accordingly, the Court will decline to issue a certificate

9    of appealability.

10   IV.  <u>Disposition</u>

11   In accordance with the foregoing analysis, it is ORDERED

12   that:

13   1) Petitioner's motion for relief from the judgment entered

14   in this action is DENIED; and

15   2) The Court DECLINES to issue a certificate of

16   appealability.

17

18   IT IS SO ORDERED.

19   Dated:    November 6, 2012

20

21            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28